UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| LAURENCE ANDERSON, | ) | C.A. NO: 3:04-1740-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER ADOPTING |
| LOWE'S HOME CENTER, INC., d/b/a | ) | REPORT AND RECOMMENDATION |
| LOWE'S COMPANIES, INC., | ) | AND GRANTING, IN PART, |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on cross-objections to the Report and Recommendation entered March 3, 2006 ("Report"), which recommended that Defendants' motion for summary judgment be granted in part and denied in part. *See* Dkt No. 37 (Report) & Dkt Nos. 38 & 39 (Objections). For the reasons set forth below, the court adopts the rationale and recommendations of the Report and grants summary judgment in Defendant's favor on all claims other than Plaintiff's Third Cause of Action . That claim, which is based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), is, however, limited to claims that Defendant discriminated against Plaintiff in denying him a promotion to the Area Human Resources Manager ("ARHM") position which was ultimately filled by Willie Fuller ("Fuller"). This matter shall, therefore, proceed to trial on this aspect of the Third Cause of Action under the schedule set forth at the conclusion of this order.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.

*See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**REPORT AND OBJECTIONS**

The Magistrate Judge recommended that this court grant Defendant's motion for summary judgment as to all breach of contract-based claims (First, Second and Fifth Causes of Action). There is no objection to this recommendation which is, therefore, adopted by this court.

The Magistrate Judge also recommended that this court grant Defendants' motion as to Plaintiff's Title VII-based retaliation claims (Fourth Cause of Action) and as to all but one aspect of Plaintiff's Third Cause of Action (Title VII race-based discrimination claim). Specifically as to the racial discrimination claim, the Magistrate Judge concluded that Plaintiff had failed to proffer adequate evidence to support any claim other than the claim that he was denied promotion to the ARHM position which was ultimately filled by Willie Fuller ("Fuller Position"). The Magistrate Judge, therefore, recommended that the motion for summary judgment be granted except to the extent it rested on denial of this particular promotion.

2

Plaintiff objects to the Report to the extent it recommends that any portion of his Title VII claims be dismissed. Defendant, by contrast, objects to the Report to the extent that it recommends that any portion of Plaintiff's claims proceed to trial. These objections are discussed, in turn, below.

## DISCUSSION

**I.     Plaintiff's Objections.**

Plaintiff objects to the limitation of his Third and Fourth Causes of Action to exclude claims based on his non-promotion to the AHRM position which was ultimately filled by Tammy Ziglar ("Ziglar Position"). Plaintiff Objection at 1 & 14-19 (asserting that the "Magistrate Judge erred in finding that the selection of Tammy Ziglar for the second AHRM position was neither actionable racial discrimination [n]or retaliation under Title VII"). In his deposition, however, Plaintiff conceded that he did not apply for the Ziglar Position.[1] He also conceded that he was "not contending that [he] should have received that position." Plaintiff dep. at 132. These concessions are fatal to any Title VII claim based on Plaintiff's non-promotion to the Ziglar Position.

In addition, as noted by the Magistrate Judge, Plaintiff's administrative charge of discrimination did not initially and was never expanded to include allegations that he was improperly denied the Ziglar Position. While there is evidence that Plaintiff referred to Ziglar's promotion during the investigation of his administrative charge, the context of that reference suggests only that he relied on Ziglar's promotion as evidence that he was qualified for the position filled by Fuller. *See* Dkt No. 34-33 (Plaintiff Ex. 32--February 19, 2004 letter to a representative of the Columbia Human Affairs Commission questioning their failure to follow up on information he had provided that "two weeks after I was denied a promotion another black female was promoted by the same

---

[1] This position, in Raleigh, North Carolina, was filed shortly after Willie Fuller was hired to fill the Columbia-Charleston position for which Plaintiff did apply.

3

hiring manager, *yet she came from a store position identical to mine*"–emphasis added).

This limitation does not, however, necessarily exclude all evidence relating to the Ziglar Position. This is because Defendant's actions relating to the promotion of Ziglar to an AHRM position *may* shed light on its actions relating to the selection of Fuller (and non-selection of Plaintiff) for a similar position. This, in fact, appears to be the reason Plaintiff mentioned Ziglar's promotion during his administrative proceeding. *See* Plaintiff Ex. 32 (quoted above). Whether the evidence should, in fact, be admitted will be determined if and when it is offered at trial.

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff failed to present evidence from which a jury could find that Plaintiff was improperly denied a promotional raise after receiving a subsequent promotion.[2] Plaintiff's Objection at 1-5. In support of this objection, Plaintiff points to testimony by Sandra Brandon regarding whether an allegedly similarly situated employee (Dan Mazetti) was denied a promotional raise. Brandon Dep. at 34-35 & 111. Contrary to other witnesses' testimony, Brandon testified that this employee did, in fact, receive an increase. However, she qualified this statement by explaining that Mazetti "was actually making less [after his promotion] than what he was making before his promotion, so he did get an increase." Brandon Dep. at 111.

Thus, Brandon's testimony may contradict other witnesses' testimony that at least one other person (Mazetti) was treated similarly to Plaintiff under similar circumstances (employees who were denied a promotional raise because they were already receiving the store maximum). At the same time, Brandon's testimony supplies a non-discriminatory explanation for any differences in the ultimate treatment of Plaintiff and Mazetti. There is no evidence to challenge this testimony. In

---

[2] Plaintiff alleges that he was denied the promotional raise in retaliation for his complaint that Fuller was selected, and Plaintiff rejected, for the AHRM position for racial reasons.

4

short, while Brandon's testimony arguably creates some uncertainty in the record as to whether Mazetti ultimately received a promotional raise, it is not sufficient to support a finding that he was treated differently from other employees *under similar circumstances* or that the policy which resulted in his not receiving a promotional raise was otherwise improperly applied to him based on some improper (race-based or retaliatory) motivation.

Plaintiff also challenges the Magistrate Judge's conclusion that he was not subjected to an actionable "hostile environment." The undersigned, however, agrees with the Magistrate Judge's conclusion that there is no evidence from which a reasonable jury could conclude that any of the challenged actions which might individually or collectively rise to the level of a hostile environment were motivated by racial animus or retaliatory motive. This is first and foremost because the evidence would not support a finding that Plaintiff was either the sole or primary target of the allegedly hostile actions. Rather, taken in the light most favorable to Plaintiff, the evidence suggests only that Fuller unfairly targeted various managers at Plaintiff's store for criticism and that his management style was coarse and confrontational. While Plaintiff was among those managers, he was by no means the most senior in responsibility. Thus, while the evidence may suggest general unfairness or poor managerial style, it is not enough to support a finding that the allegedly hostile actions were the result of either racial animus or an intent to retaliate against Plaintiff for his complaint that Fuller was selected because of his race.[3]

Further, as noted by the Magistrate Judge, even collectively the alleged "hostile" actions are, with two possible exceptions, not sufficient to support a finding that they altered the conditions of Plaintiff's employment. This court agrees with the Magistrate Judge that neither of the "exceptions"

---

[3] The court assumes for these purposes that there is adequate evidence to support a finding that Fuller was aware of these complaints at the time of his allegedly hostile actions.

5

(the promotional raise discussed above and audit claim addressed in the Report) are adequately supported to serve as the basis of a hostile environment claim. Moreover, much of the proffered "evidence" of Fuller's hostility is not likely to be admissible as it is based on second or third hand statements of what Fuller allegedly said about Plaintiff or others at his store. The original source of the alleged statements has, however, asserted that his statements have been badly misconstrued.

For all of the above reasons, the court concludes that Plaintiff's objections are not well founded. The court, therefore, adopts the Report to the extent it recommends this court grant, in part, Defendant's motion for summary judgment.

**II.     Defendant's Objection.**

Defendant has presented strong evidence that Fuller was, in fact, better qualified for the position at issue than Plaintiff.[4] This evidence may, in fact, be sufficiently strong to support a motion for judgment as a matter of law at the close of Plaintiff's case. The record is not, however, so clear as to support entry of summary judgment in Defendant's favor on this claim.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is ordered that Defendant's motion for summary judgment is **GRANTED** as to all claims other than Plaintiff's Third Cause of Action which is asserted under Title VII. The Third Cause of Action is, however, limited to allegations that Plaintiff was discriminated against when he was denied promotion to the position ultimately filled by Willie Fuller. This matter shall proceed to trial under the following schedule:

---

[4] This evidence appropriately focuses on the respective qualifications of Fuller and Plaintiff as they appeared at the time the decision was made to hire Fuller rather than to promote Plaintiff. That Fuller may later have proven to be a poor manager is not relevant to this determination.

1.  Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before May 12, 2006. *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

2.  No later than May 26, 2006, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

3.  Motions in limine must be filed at least three weeks prior to jury selection.

4.  Parties shall furnish the Court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[5] Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

5.  This case shall be called for trial during the July term of court, with jury selection set for July 13, 2006.

    IT IS SO ORDERED.

                                             s/ Cameron McGowan Currie
                                             CAMERON MCGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 30, 2006

C:\temp\notesB0AA3C\04-1740 anderson v lowes-- adopt R&R + pre trial schedule.wpd

---

[5] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.